IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-03340-MSK-KMT

GARY BERNSTEIN,

    Plaintiff,

v.

THE KEYSTONE NEIGHBOURHOOD COMPANY; and
RED HAWK LODGE CONDOMINIUM ASSOCIATION, INC.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Summary Judgment (**#21**), Defendants' Response (**#23**) and Plaintiff's Reply (**#24**).

### MATERIAL FACTS

In December of 2011, Plaintiff, Gary Bernstein, was injured while vacationing in Keystone, Colorado. Mr. Bernstein stayed in a condominium that he rented from Red Hawk Townhomes Condominium Association, Inc. (Red Hawk Townhomes).[1] While walking from his condominium to the ski lifts, Mr. Bernstein slipped and fell on a snowy sidewalk, injuring his knee.  The sidewalk was owned by Defendant Red Hawk Lodge Condominium Association, Inc. (Red Hawk Lodge) and maintained by Defendant Keystone Neighbourhood Company (Keystone).

Mr. Bernstein asserts three claims for relief against Red Hawk Lodge and Keystone. Claims one and two seek damages under the Colorado Premises Liability Act, C.R.S. § 13-21-

---

[1] Red Hawk Townhomes was originally named as a defendant, but was dismissed by joint stipulation.

115, (CPLA); specifically, that Defendants are liable on a theory that Mr. Bernstein was either (1) an invitee; or (2) a licensee. Claim three requests relief based on principles of common law negligence. Under Fed.R. Civ.P. 56, Mr. Bernstein requests that the Court determine that he is an invitee as defined by the CPLA.[2]

## STANDARD OF REVIEW

Ordinarily, under Fed. R. Civ. P. 56, summary judgment is warranted on an issue only where the pleadings, depositions, admissions, affidavits, and other exhibits show that there is no genuine dispute of material fact and the moving party is therefore entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In limited circumstances, summary judgment may be used to define what facts and issues are disputed and isolate or dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 (9th Cir. 1981). A genuine issue of material fact exists if the nonmoving party adduces evidence which, considered in the light most favorable to the nonmovant, is sufficient to allow a reasonable factfinder to find in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Factual disputes that are irrelevant or immaterial are not considered. *Id.* at 248.

Substantive law governs what facts are material and what issues must be determined, and specifies the elements that must proved for a given claim or defense. *Anderson*, 477 U.S. at 248. Where the moving party bears the burden of proof, the movant must establish every element of

---

[2] The Court has some question that the request really is in the nature of a motion for summary judgment as it may not result in any entry of judgment on a claim, defense or part thereof. Nevertheless, the Court addresses this motion under the Rule 56 standards. In their response to the motion, the Defendants ask for a contrary determination - that Mr. Bernstein was a licensee as defined by C.R.S. § 13-21-115. To the extent that the extant motion is one for summary judgment, a request of this sort would arguably be a cross motion for summary judgment. However, D.C.Colo.L.Civ.R. 7.1(d) prohibits a motion from being brought in a response or reply brief. No separate motion having been filed by the Defendants, the Court declines to consider their request.

its claim by competent and sufficient evidence.  Fed. R. Civ. P. 56(e).  Once the moving party has met this burden, to avoid summary judgment the responding party must present sufficient and competent contradicting evidence to establish a genuine dispute of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

## ANALYSIS

The CPLA specifies the responsibility of landowners to injured parties based upon whether the injured party is an invitee, licensee, or trespasser on the landowner's property. *See* C.R.S. § 13-21-115(1.5)(a). The statute imposes a higher level of liability for landowners with respect to an invitee than to a licensee. C.R.S. § 13-21-115(1.5)(c).

A plaintiff bears the burden of demonstrating his status on the landowner's property. *See Lombard v. Colo. Outdoor Educ. Center, Inc.*, 187 P.3d 565, 575 (Colo. 2008). Determination of the category to which the plaintiff belongs is a question of law. § 13-21-115(4); *Chapman v. Willey*, 134 P.3d 568, 569 (Colo. App. 2006); *Traynom v. Cinemark USA, Inc.*, 940 F.Supp.2d 1339, 1346 (D. Colo. 2013).

The CPLA defines an invitee as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected or intended to enter or remain." C.R.S. § 13-21-115(5)(a). Generally, whether a plaintiff is an invitee depends upon whether a plaintiff was on the landowner's property by affirmative invitation or was merely permitted on the premises. *See Wycoff v. Seventh Day Adventist Ass'n of Colo.*, 251 P.3d 1258, 1260 (Colo. App. 2010).

Two theories are commonly used to establish invitee status. A person can be an invitee if he or she is a member of the public and a landowner has expressly or implicitly represented that

the public is expected to enter the property. *Wycoff*, 251 P.3d at 1266-67.  For example, during business hours, a store or other establishment is generally open to the public, and thus the landowner's customers or patrons would be invitees. *See Axelrod v. Cinemark Holdings, Inc.*, 65 F.Supp.3d 1093, 1097 (D. Colo. 2014); *Dougherty v. Home Depot, U.S.A., Inc.*, No. 05-cv-02337, 2007 WL 2890139, *1-3 (D. Colo. September 28, 2007); *cf. Traynom*, 940 F.Supp.2d at 1346.  Another example would be where a sign labeling a sidewalk as a "bicycle path" communicates to the public that they may enter and use it as such. *Nelson v. United States*, 20 F.Supp.3d 1108, 1136 (D. Colo. 2014).

Alternatively, a person can be an invitee if he is on a landowner's property for the purpose of transacting business in which the parties are mutually interested. *Grizzell*, 68 P.3d at 553-54. This would include, for example, a tenant or an employee. *See Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1129 (Colo. App. 2002); *see also Maes v. Lakeview Assocs., Ltd.*, 892 P.2d 375, 377 (Colo. App. 1994), *aff'd*, 907 P.3d 580 (Colo. 1995).  Evidence of a mutually beneficial business relationship may be indirect, and it is not necessary that the person directly deal with the landowner. *See Wycoff*, 251 P.3d at 1258. The fact that the landowner receives some incidental benefit from the plaintiff's presence is not enough to confer invitee status, however.

Thus the particular facts at issue are important. The plaintiff's purpose for being on the property at the time of the injury may play a role in the plaintiff's status.  *See Chapman*, 134 P.3d at 569.[3]  Similarly, the exact location on the property where a plaintiff is injured may be relevant – if the plaintiff was an invitee but ventured onto an area of the property not intended for

---

[3] In *Chapman*, the court concluded that though the plaintiff had a standing invitation to enter the landowner's property as a social guest (making him a licensee), when the plaintiff entered the property for purposes of starting a fight rather than a social visit, the plaintiff became a trespasser. *Id.*

the plaintiff's use, the plaintiff may no longer be considered an invitee. *See Mathias v. Denver Union Terminal Ry. Co.*, 323 P.2d 624, 627 (Colo. 1958).

Mr. Bernstein contends that he is an invitee under both theories. Because Mr. Bernstein has the burden of proving his status and he brings this motion, the Court first looks to the evidence he proffers to determine whether he has made a prima facie showing. If so, the Court looks to the evidence offered by Red Hawk to determine whether there is a triable issue. The Court begins with Mr. Bernstein's showing that he is an invitee, either because (1) the public was invited to use the sidewalk where he fell, or (2) his use of the sidewalk was part of a mutually beneficial business relationship with Red Hawk Lodge.

### A. General Public Use of the Sidewalk

Mr. Bernstein's evidence for the proposition that the sidewalk on which he fell was open to the public begins with his own affidavit. He states that he "saw other people that [he] believed to be members of the general public using this sidewalk."[4] This is insufficient to show the nature and access to the sidewalk. His statement is subjective and speculative. There is no showing of an invitation to the public or even an inference drawn from the location of the sidewalk or the points that it connects.[5] Accordingly, this does not constitute a prima facie showing.

Mr. Bernstein also offers what he characterizes as an admission by Red Hawk Lodge that the sidewalk "was public". He directs the Court to Red Hawk Lodge's response to a request for admissions. Mr. Bernstein requested that Red Hawk "admit that the incident occurred on a

---

[4] Red Hawk Lodge presents contrary evidence through the testimony of Jeffrey Pennette, a representative of the Red Hawk Lodge, who testifies that the sidewalk was "private property . . . intended only for use by [Red Hawk Lodge's] guests," and was "not a public thoroughfare." As noted above, however, the Court does not reach this evidence because that presented by Mr. Bernstein is insufficient.

[5] Though the relative locations of Red Hawk Lodge and Red Hawk Townhomes would seem of significance, the Court has not been provided with a map or other visual orientation of the two properties.

sidewalk where the public is requested, expected, or intended to enter or remain." Red Hawk Lodge answered the request by stating that, "Defendants can neither admit nor deny this Request for Admission as Defendants did not witness the incident alleged in Plaintiff's Complaint. Defendants admit that Plaintiff claims to have fallen on a sidewalk open to the general public." The Court does not read this statement as an admission that the sidewalk was open to or used by the general public. Rather, Red Hawk Lodge only appears to acknowledge that such is Mr. Bernstein's claim.

Mr. Bernstein has not come forward with sufficient evidence to establish that he was an invitee based on public access to the sidewalk. Fed. R. Civ. P. 56(e).

### B. Mutually Beneficial Business Relationship

The Court turns to Mr. Bernstein's second argument - that he was an invitee based on a mutually beneficial business relationship with Red Hawk Lodge.

Mr. Bernstein's evidence is derived from his condominium rental agreement with Red Hawk Townhomes and the amenities to which that agreement refers. The rental agreement between Red Hawk Townhomes and Mr. Bernstein permitted him to use the Red Hawk Lodge sidewalk to walk from his condominium to ski lifts. Indeed, in his affidavit, Mr. Bernstein states he was instructed as "how I should walk to the ski lifts from my rental property by walking on the Red Hawk Lodge sidewalk." But, such permission does not demonstrate that Red Hawk Lodge received any benefit from Mr. Bernstein's rental transaction Red Hawk Townhomes or that Red Hawk Lodge.

Mr. Bernstein seeks to show the benefit through a business relationship between Red Hawk Lodge and the Red Hawk Townhomes (thus, indirectly, a relationship between him and Red Hawk Lodge). There is no dispute that Red Hawk Townhomes and Red Hawk Lodge share

6

a common pool and fitness facility.  Mr. Bernstein argues that because his payment to Red Hawk Townhomes "included the right to use the pool, spa, and exercise facilities at Red Hawk Lodge," it conferred and economic benefit on Red Hawk Lodge.

Evidence of shared facilities does not necessarily lead to the conclusion that Red Hawk Lodge received a monetary benefit from Mr. Bernstein renting a condominium from Red Hawk Townhomes. Such an arrangement could lead to a monetary benefit, if for example, there was evidence to show that the two entities had common financial operations or ownership, if there was evidence that Red Hawk Townhomes paid Red Hawk Lodge for use of the facilities or, alternatively, if Red Hawk Townhomes shared expenses with Red Hawk Lodge.  But, Mr. Bernstein offers no evidence as to any of these circumstances.

At this juncture, ordinarily the Court would find that Mr. Bernstein did not come forward with sufficient evidence to make a prima facie showing, and disregard controverting evidence submitted by the Defendants.  But this is an unusual circumstance where the evidence submitted by the Defendants actually creates a triable issue. The Defendants' offer the testimony of Mr. Pennette, who stated that the joint facilities were operated as a "partnership" between Red Hawk Lodge and Red Hawk Townhomes – that the facility was "controlled by the Red Hawk Lodge but paid for in part by the townhomes, so they share it."   In his affidavit, he states that the pool and spa facility are jointly owned by Red Hawk Lodge and Red Hawk Townhomes, but that Red Hawk Lodge received no payment from guests of other properties using the facilities.  Even though it is not crystal clear, Mr. Pennette's testimony suggests that through its dealings with Red Hawk Townhomes, Red Hawk Lodge may have received a benefit (either in a monetary

7

payment or in sharing of expenses) that is be sufficient to confer invitee status to renters of Red Hawk Townhomes.[6]

For the foregoing reasons, it appears that there is sufficient conflicting evidence to create a genuine dispute of material fact as to whether Mr. Bernstein and the Red Hawk Lodge were engaged in any sort of mutually beneficial business relationship. Accordingly, a trial is required.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment (**#21**) is denied. The parties shall begin preparation of a proposed Pretrial Order pursuant to Docket #16 and within 14 days of the date of this order, shall jointly contact chambers to schedule a pretrial conference.

Dated this 22nd day of September, 2015.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[6] As a derivative of this argument, Mr. Bernstein contends that, because the sidewalk upon which he fell is used by guests to access the shared pool and spa facility, he was also an invitee on the sidewalk. As factual support, Mr. Bernstein offers his statement that the sidewalk where he fell could be used by guests to access the shared pool and fitness facility. Because the entirety of the argument is premised upon a benefit from the shared facilities creating an invitee status, the Court need not address the sufficiency of this showing.